UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Mary D. Hunt, | ) | 12-80276 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER AND OPINION SUSTAINING TRUSTEE'S OBJECTION TO NOTICE OF POSTPETITION MORTGAGE FEES, EXPENSES, AND CHARGES**

THIS MATTER came before the Court on June 21, 2012, after due and proper notice, for a hearing on the Objection by Trustee to Notice of Postpetition Mortgage Fees, Expenses, and Charges. Benjamin Lovell appeared on behalf of the Chapter 13 Trustee. Neither Midfirst Bank ("Midfirst") or the Debtor were represented by counsel at the hearing. Having considered the Chapter 13 Trustee's Objection to Notice of Postpetition Mortgage Fees, Expenses, and Charges, the evidence offered at the hearing, and other matters of record, the Court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on February 27, 2012. On May 12, 2012, Midfirst filed a Notice of Mortgage Payment Change, providing that the Debtor's monthly mortgage payment was going to increase from $800.16 to $812.02. On that same day, Midfirst filed a Notice of Post-Petition Fees, Expenses, and Charges, which requested an attorney fee of $50.00 for the preparation of the Notice of Mortgage Payment Change. The Chapter 13 Trustee objected to the Notice of Post-Petition Fees, Expenses, and Charges.

The Chapter 13 Trustee argues that the Notice of Post-Petition Fees, Expenses, and Charges is not a pleading and is, instead, only a supplement to Midfirst's claim. The Chapter 13 Trustee further contends that Midfirst's calculation of the ongoing mortgage payment requires no legal research or analysis, and is a simple business function that can be done by non-attorney staff. Thus, the Chapter 13 Trustee requests that the supplemental claim filed by Midfirst for attorney fees be disallowed and stricken from the Debtor's mortgage account.

Mortgage companies have historically served notices of payment change on debtors without the assistance of an attorney. *In re Adams*, No. 12-00553-8-RDD, 2012 WL 1570054, at *1 (Bankr. E.D.N.C. May 3, 2012). Bankruptcy Rule 3002.1(b), which went into effect on December 1, 2011, dictates that a secured creditor "shall file and serve on the debtor, debtor's counsel, and the trustee a notice of any change in the payment amount, including any change that results from an interest rate or escrow account adjustment . . . ." Fed. R. Bankr. P. 3002.1(b). Bankruptcy Rule 3002.1 placed no additional legal burden on mortgage companies. *Adams*, 2012 WL 1570054, at *1. The new rule merely clarified which parties must receive notice of the payment change. *Id*. The preparation of a notice of payment change is "a business function that can be done by a claims administrator in the creditor's own office. . . . It is not the practice of law." *In re Carr*, 468 B.R. 806, 808 (Bankr. E.D. Va. 2012). As such, the Trustee's objection is SUSTAINED and Midfirst's claim for attorneys' fees is DISALLOWED.

SO ORDERED.

## SERVICE LIST

Mary D Hunt
Debtor

Donald D. Pergerson
Attorney for Debtor

Richard M. Hutson, II
Trustee

Kimberly A. Sheek, Esq.
10130 Perimeter Pkwy., Ste. 400
Charlotte, NC  28216

Michael D. West
Bankruptcy Admininstrator